UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------X

CHINA MINMETALS MATERIALS
IMPORT AND EXPORT CO., LTD.,

        Claimant,

- against -

CHI MEI CORPORATION,

        Defendant.

-----------------------------------------------------------X

NOTICE OF MOTION TO
ENFORCE FOREIGN

ARBITRAL AWARD

Docket No.
01-3481
(DMC)

**PLEASE TAKE NOTICE** that upon the annexed affidavit of Lawrence A. Dubin, Esq. the exhibits annexed thereto and upon all prior papers and proceedings had herein, the undersigned will move this court located at 50 Walnut Street, Newark, New Jersey 07101, on the 31st day of July, 2001, at 9:30a.m., or as soon thereafter as counsel may be heard for an Order pursuant to 9 U.S.C. §201, et seq., confirming and enforcing as a judgment an arbitral award rendered on or about August 30, 2000 and for such other and further relief which may to the Court seem just and proper.

Dated:    New York, New York
            July 17, 2001

                                              Lawrence A. Dubin
                                              Attorney at Law
                                              401 Broadway, Ste 306
                                              New York, NY 10013
                                              212 431-9280

To:    Chi Mei Corp.
        120 Schor Avenue
        Leonia, NJ 07605

        Gregory K. Mueller, Esq.
        Designated Agent
        26 Franklin Street
        Tenafly, NJ 07670

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------X

**CHINA MINMETALS MATERIALS
IMPORT AND EXPORT CO., LTD.,**

        Claimant,

  - against -

**CHI MEI CORPORATION,**

        Defendant.

-----------------------------------------------------------X

AFFIDAVIT

Docket No.

Lawrence A. Dubin, Esq., being duly sworn deposes and says:

1. I am one of the attorneys for claimant, China Minmetals Materials Import and Export, Co., Ltd., (hereinafter "Minmetals") and I am fully familiar with the facts and circumstances of this matter.

## THE PARTIES

2. Minmetals is a Chinese Corporation, incorporated under the laws of the People's Republic of China, with offices at No. 15, Section 4, Ahhuils, Chao YangDistrict, Beijing, China.

3. Chi Mei Corporation is a New Jersey Corporation, with offices at 120 Schor Avenue, 1st Floor, Leonia, New Jersey 07605. Chi Mei's Designated Agent is Gregory K. Mueller, Esq., 26 Franklin Street, Tenafly, New Jersey 07670.

## JURISDICTION

4. Pursuant to 9 U.S.C. §203, the District Court has original jurisdiction over this action regardless of the amount in controversy.

## VENUE

5. Pursuant to 9 U.S.C. §207, within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any Court having jurisdiction under Chapter 9 U.S.C. for an order confirming the award as against any other party to the arbitration.

6. Chi Mei is a New Jersey corporation, or at the least has its main office in New Jersey. Therefore, venue is proper in this District

## BASIS FOR GRANTING THE MOTION

7. On or about January 22, 1987, the People's Republic of China acceded to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. (Hereinafter "the Convention") 9 U.S.C. §201 See, States which are parties, and note 5(a). The United States is also a signatory and party to the Convention.

8. Pursuant to Article I paragraph 3, the People's Republic of China declared that it would apply the Convention only on a basis of reciprocity and only to matters considered commercial under the national law of the People's Republic of China. 9 U.S.C. §201, States which are parties, note 5a(1) and(2).

9. In accordance with Article XII (2), the Convention went into force for China on April 22, 1987. 9 U.S.C. § 201, States which are parties, note 5a.

10. Pursuant to 9 U.S.C. § 207, A District Court shall confirm the arbitral award unless it finds a ground for refusal specified in the Convention.

11. Minmetals and Chi Mei Corporation entered into a contract for Minmetals to purchase, within June 1997, LME Registered Brand Electrolytic Nickel Cathode alloy of a certain stated quality. See Exhibit A hereto, contract between Minmetals and Chi Mei Corp.[1].

12. Paragraph 16 of the Contract (Exhibit A) states that all disputes in connection with the contract or execution thereof shall be settled by friendly negotiations. If no settlement can be reached, the case in dispute shall then be submitted for arbitration to the China International Economic and Trade Arbitration Commission. The decision made by the commission shall be accepted as final and binding upon both parties.

13. Minmetals caused letters of credit to issue and Chi Mei Corp. collected under those letters of credit for the sale of the materials set forth in the contract. The documents submitted by Chi Mei Corp. to the banks to collect under the letters of credit were forgeries and Minmetals, despite payment never received the materials it contracted to purchase.

14. As called for in paragraph 16 of their contract with Chi Mei, Minmetals brought an arbitration proceeding before the China International Economic

---

[1] The exhibits are photocopies. The exhibits and interpretations thereof have been properly certified.

and Trade Arbitration Commission. Chi Mei appeared in the arbitration and opposed the granting of an award to Minmetals.

15. On August 30, 2000, the Commission held, <u>inter alia</u>, that "the respondent (Chi Mei) committed serious fraud by producing false documents for discount..." and made an award in favor of Minmetals as follows:

   1. The Respondent should return the full payment to the Claimant, i.e. USD 3,115,000;

   2. The Respondent should pay the interest on the above payment, i.e. USD 498,4000.00;

   3. The Respondent should compensate the Claimant for RMB 250,000 yuan, attorney's fee the Claimant paid for this case;

   4. The arbitration fee for this case is RMB 479,719 yuan, of which the Claimant should pay 10%, i.e. RMB 47,971.9 yuan, and the Respondent 90%, i.e. RMB 431,747.1 yuan. The arbitration fee having been offset by the Claimant's deposit of RMB 479,719 yuan, the Respondent should pay RMB 431,747.1 yuan to the Claimant as compensation of the amount the latter paid on his behalf.

   5. The other claims are dismissed.

   The arbitral award is final.

(See Exhibit B, Arbitral Award in Chinese pp. 12-14 certified English version translation)

16. In addition, Minmetals should be granted interest from the date of the award until any judgment is satisfied.

17. Based upon the above referenced documents, this Court should confirm the arbitral award and grant an order entering the award as a judgment against Chi Mei Corporation.

WHEREFORE, it is respectfully requested that the relief sought herein be granted and for such other and further relief which to the Court seem just and proper.

_____
Lawrence A. Dubin

Sworn to before me on this
16TH day of July, 2001

_____
Notary Public

INGRID E. LEON
Notary Public, State of New York
No. 01-LE6008577
Qualified in New York County
Commission Expires June 15, 20 02