**NOT FOR PUBLICATION**

| | |
|---|---|
| CHINA MINMETALS MATERIALS IMPORT AND EXPORT CO., LTD., | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY |
| Plaintiff, | Hon. Dennis M. Cavanaugh |
| -vs- | Civil Action No. 01-3481 (DMC) |
| CHI MEI CORPORATION, | **REPORT & RECOMMENDATION** |
| Defendant. | |

## INTRODUCTION

This matter comes before the Court on defendant Chi Mei Corporation's ("defendant") application to dismiss the complaint for failure to provide discovery and failure to comply with two Orders regarding same. Counsel for plaintiff China Minmetals Materials Import and Export Co., Ltd. ("plaintiff") submitted a letter in opposition. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. For the following reasons, this Court respectfully recommends that defendant's request for dismissal with prejudice be **granted**.

## FACTUAL BACKGROUND

Plaintiff, a Chinese corporation, and defendant, a New Jersey corporation, both are engaged in the metals trading business. The underlying dispute is based on a purported contract between the parties. Plaintiff claimed that defendant failed to deliver goods it promised to sell after receiving payment. Defendant took the position that it did not agree to sell defendant anything and that plaintiff forged the contracts on which plaintiff's argument is based. China Minmetals Materials

Imp. & Exp. Co. v. Chi Mei Corp., 334 F.3d 274, 276 (3d Cir. 2003).

In July 2001, plaintiff filed a motion to enforce a foreign arbitration award. The Court granted plaintiff's motion to enforce the foreign arbitral award in the amount of $4,040,850.41 on August 23, 2002. Defendant subsequently appealed. On June 26, 2003, the Third Circuit vacated the District Court's order and remanded the cased so that the District Court could consider the defendant's claim that the contract was a forgery.

On August 20, 2003, Judge Cavanaugh ordered from the bench that discovery be conducted within two weeks. On September 25, 2003, Judge Cavanaugh issued a Scheduling Order ("September Order") requiring the parties to serve and respond to discovery demands, including document requests and interrogatories and depositions, or before November 28, 2003. According to the Order, all depositions were to be completed on or before February 27, 2004. The Order further provided that failure to comply with the Order would result in sanctions. Defendant complied with this Order, but plaintiff failed to do so; it neither responded to defendant's document requests or interrogatories nor produced any witness for deposition.

Defendant then requested a status conference before the Magistrate Judge to address plaintiff's inaction. Plaintiff's attorney, J. Jeffrey Weisenfeld, Esq., told the Court during the March 4, 2004 conference that he would try to comply with defendant's outstanding discovery demands. On March 17, 2004, the Magistrate Judge issued a final discovery Order ("March Order") in which plaintiff's time to respond to defendant's outstanding discovery demands was extended one last time until March 30, 2004. The Order expressly warned that plaintiff's failure to respond "w[ould] result in sanctions pursuant to Fed. R. Civ. P. 16(f) and 37." March 17, 2004 Order ¶ 7.

When Plaintiff did not comply with the March Order, defendant requested that the Court

2

dismiss this matter with prejudice. In opposition, plaintiff's counsel submitted a letter explaining that his client has failed to respond or communicate with him in any way for more than a month.

## ANALYSIS

Fed. R. Civ. P. 16(f) and Fed. R. Civ. P. 37(b)(2)(c) authorize dismissal of a case when a party repeatedly fails to comply with a court's discovery orders. The Third Circuit in Hoxworth v. Robinson & Co., Inc., 980 F.2d 912, 919 (3d Cir. 1992), endorsed the use of the six-part test enunciated in Poulis v. State Farm & Casualty Co., 747 F.2d 863 (3d Cir. 1984), for considering when the sanction of dismissal is appropriate. The Poulis factors are: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) a history of dilatoriness, (4) whether the attorney's conduct was willful or in bad faith, (5) availability of alternative sanctions, (6) the meritoriousness of the claim or defense. 747 F.2d at 869.

Turning to the Poulis factors, this Court finds as follows:

1. Plaintiff's repeated failure to comply with discovery obligations and its deliberate violation of two Orders demonstrates its personal responsibility for the sanctionable conduct in this litigation. Plaintiff was given additional time to respond to defendant's outstanding discovery demands and was put on oral and written notice that sanctions, including the possibility of dismissal, would result for noncompliance. It failed to comply or offer any explanation for its failure. In the absence of any explanation, the Court finds that plaintiff is personally responsible for its longstanding noncompliance.

2. Plaintiff's blanket refusal to provide discovery makes it impossible for defendant to adequately prepare its case and thus constitutes genuine prejudice.

3. As described herein, there is a history of noncompliance since the remand.

4. There is no evidence of willfulness or bad faith on the part of plaintiff's attorney, who

3

has tried on numerous occasions "to receive instructions or assistance from [his] client." Letter from J. Jeffrey Weisenfeld, Esq. April 8, 2004, at 2. Plaintiff, having been duly warned, has evidently determined not to prosecute or participate in the case any longer.

5. Given plaintiff's continued noncompliance with its discovery obligations, alternative sanctions would be inappropriate.

6. The Court is unable to determine the meritoriousness of the claims or defenses in this case. The Third Circuit remanded the case to permit the District Court to determine whether the contracts that formed the basis of the arbitration award were forged. Plaintiff's failure to provide any discovery makes it impossible to evaluate that issue.

A majority of the <u>Poulis</u> factors weigh heavily in favor of dismissal. Consequently, the Court recommends that the complaint be dismissed with prejudice for failure to comply with discovery obligations and for the violations of two Court Orders regarding same.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that defendant's motion to dismiss with prejudice be **granted**.

Dated: April 20, 2004         /s/  Mark Falk
                              **MARK FALK**
                              **United States Magistrate Judge**

Orig.: Clerk of the Court
cc:    Hon. Dennis M. Cavanaugh, U.S.D.J.
       Mark Morelli, Deputy Clerk
       All Parties
       File